## INTERNATIONAL HARVESTER CREDIT CORP., Plaintiff and Third Party Plaintiff,

v.

## Brian Keith MARSHALL, Defendant and Counterclaimant,

v.

## MEEHAN TRUCK SALES, INC. and Thomas H. Meehan and Kathleen E. Meehan, Third Party Defendants.

Civ. A. No. 84–2471.

United States District Court, W.D. Pennsylvania.

Dec. 19, 1986.

George L. Cass, Pittsburgh, Pa., for International Harvester Credit Corp.

Jerry W. Wienand, Warrendale, Pa., for Brian Keith Marshall.

J. Philip Colavincenzo, Beaver, Pa., for Meehan Truck and T. and K. Meehan.

## OPINION

GERALD J. WEBER, District Judge.

This action involving the breach of a retail installment contract is related to Civil Action No. 85–317 in which summary judgment has been granted in favor of the plaintiff. In this action, plaintiff has filed two motions for summary judgment, one of which has been determined by a stipulation entered into by the parties. The subject of the pending motion for summary judgment is the counterclaim asserted by defendant Brian K. Marshall against plaintiff International Harvester. Marshall has opposed the plaintiff's motion with evidentiary material and brief, in which he presents arguments and evidence tending to show the existence of fraudulent misrepresentation and/or express warranty made, not on the part of plaintiff, but by Meehan Truck Sales, Inc. who sold the tractor in question to Marshall. While Marshall's Answer alleges that Meehan acted as authorized agent for International Harvester at the

time of the sale, nowhere is it alleged or proven that Meehan acted as agent for International Credit Corporation in making either the sale or the alleged warranties and representations. Plaintiff has provided evidence to the contrary in the form of Thomas H. Meehan's deposition testimony of July 1, 1985 indicating that the *sole* connection of International Harvester Credit Corp. to the sale is that International Harvester approved the credit of Brian Marshall and agreed to and did in fact, purchase the installment sale contract under which the vehicle was sold. Under these circumstances, we do not believe that Marshall can state a claim against International Harvester for fraudulent misrepresentations, breach of warranty or any damages flowing therefrom. This claim may only be rightfully made against Meehan Truck Sales, Inc. or Meehan, individually. Nonetheless, Marshall has rightfully raised these issues as valid defenses to the suit which plaintiff brings against him on the installment contract which has not as yet been determined. Because there is no disputed material factual issue, Marshall's counterclaim against plaintiff will be dismissed as a matter of law. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).